### *In re* BOWLES.

(*Supreme Court, General Term, First Department.* December 29, 1890.)

COMPENSATION OF ATTORNEY.

After an action by an administrator for the wrongful killing of his intestate had been begun, his attorney became dissatisfied with the agreement as to his compensation, and a new agreement was made, but no mention was made therein of his previous services in obtaining the letters of administration. *Held*, that he was not entitled to additional compensation therefor; but that services thereafter rendered, on the death of the administrator, in procuring letters for an administratrix *de bonis non*, were not within the agreement, and he was entitled to compensation therefor. BRADY, J., dissenting.

Appeal from special term, New York county.

Motion by A. Walker Otis for the payment to him of compensation for services as attorney rendered to Susan N. Bowles, as administratrix of Amelia Boos, deceased. From an order denying his motion, he appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Joseph A. Shoudy,* for appellant. *Charles B. Collier,* for respondent.

DANIELS, J. The appellant, in his capacity of an attorney, brought an action in favor of James R. Bowles as administrator against the Rome, Watertown & Ogdensburgh Railroad Company to recover compensation for the wrongful killing of the intestate. The plaintiff in the action was a resident

of the city of Philadelphia, and had obtained letters of administration there upon the estate of the intestate; but, as these letters supplied him with no authority for maintaining the action, an application was made to the surrogate of the county of Orleans, of which the intestate was a resident, for letters to be issued to him there. These letters were issued at the instance of, and were obtained by, the attorney, Mr. Otis. The action was afterwards, and on the 18th of November, 1886, commenced against the railroad company; and after that an agreement was entered into between the administrator and the attorney by which the latter was to receive in the way of compensation, exclusive of the costs, the sum of 25 per cent. of the recovery which should be had, and that was made an express lien upon the cause of action. The plaintiff in the action died in November, 1888, and a further application was then made on behalf of Susan N. Bowles for letters to be issued to her as the administratrix of the estate, and these letters were obtained from the surrogate in her behalf by Mr. Otis. The action proved to be successful, and the 25 per cent. mentioned in the agreement was received by him; but he made a further claim for the sum of $125, with interest thereon, for his services in taking out the first letters of administration, and the further sum of $50, for obtaining the second letters issued, and the further sum of $50, for his services in taking out full letters. The court, at the special term, considered that these services were incidental to the employment for which the 25 per cent. was to be received, and denied the application, and from that order the appeal has been brought.

For the charge for procuring the letters of administration to James R. Bowles, there seems to be no legal foundation. Those services had been fully performed before the agreement was made by which the attorney was to be compensated through this sum of 25 per cent. No reservation was then made, or intimation given, that any other charge or claim existed in favor of the attorney than for the services then rendered, and to be by him afterwards rendered in the action. If it had been intended to make the services rendered in obtaining the first letters of administration an additional charge against the plaintiff, or the recovery in the action, it is no more than reasonable to presume that it would in some form have been mentioned or brought forward or provided for at the time when this agreement was made, for its object was definitely to declare the rights and obligations of the administrator and his attorney. In the construction of the agreement the court is authorized to consider the circumstances under which it was made. The attorney was then proceeding with the prosecution of the action. He had become dissatisfied with a preceding agreement which had been made restricting his compensation to 15 per cent.; and, at his instance, this further agreement was made by the plaintiff in the action, and that was to pay him or allow him to retain out of the proceeds of the action, 25 per cent. of the recovery. And, if this preceding service had not been intended to be compensated by this proportionate part of the recovery, it is to be presumed that it would have been made an exception from the language of the agreement; and, that not having been done, the inference is warranted that the 25 per cent. should compensate the attorney for all his past, as well as his prospective, services in the action, and that those rendered in obtaining the letters should form no exception in his favor. But, as to the other services, they were rendered after this agreement had been made, and to which consequently it could not apply. They were services in a different proceeding from the action itself, and not included, either expressly or constructively, within the operation or effect of the agreement. As to those services it was entirely inapplicable, and the attorney in no manner thereby deprived himself of his right to compensation for their performance. No controversy has been presented drawing in question the propriety of the extent of these two charges of $50 each, and as they were in no manner affected by this agree-

ment, or any inferential construction to which it should be subjected, he is plainly entitled, out of the money which has been deposited to meet this controversy, to payment of these two items. The order, therefore, should be modified, directing payment to him of the sum of $100 out of the money on deposit with the trust company, and the residue should be paid over to the administratrix, and neither party should recover costs upon this appeal.

VAN BRUNT, P. J., concurs.

BRADY, J., (*dissenting.*) This action was commenced, in 1885, by James R. Bowles, as administrator of Amelia Boos, against the Rome, Watertown & Ogdensburgh Railroad Company, said Bowles having been appointed by the surrogate of Orleans county. Mr. Otis was the attorney of Bowles in procuring letters of administration, and in the prosecution of the action. In November, 1886, an agreement relating to the compensation of Mr. Otis was entered into between him and Bowles, administrator, and which is as follows: "It is agreed that the compensation of A. Walker Otis for fees as attorney and counsel for plaintiff herein shall be twenty-five per cent., exclusive of costs, upon the recovery herein, whether by verdict, decision, or compromise, no compromise to be made, however, without the sanction of said A. Walker Otis; and I hereby charge my cause of action herein with an express lien for the performance of this agreement superior to any settlement between the parties hereto, and not to be affected thereby as against the rights of said A. Walker Otis. JAMES R. BOWLES." In November, 1888, Mr. Bowles died. Letters of administration *de bonis non* were issued to Susan N. Bowles. The action revived in her name, and the result was a recovery, of which 25 per cent. has been paid to Mr. Otis pursuant to the agreement already mentioned. Mr. Otis now prefers a claim against the estate for an additional sum of $260.75, consisting of three items,—$125, for taking out the letters of administration for James R. Bowles; $100, for taking out letters *de bonis non* already referred to; and $35.75, by way of interest to the charge of $125 already mentioned. It will be observed that the agreement set out was made after the commencement of the action. On the 31st of July, 1889, a dispute having arisen as to the propriety of the charge of $260.75, Mr. Otis deposited that sum with the American Loan & Trust Company, subject to the adjudication of his rights by this court. On the application made, these facts appeared, and Justice BARRETT held that the services covered by the items herein set out were incidental to the action, and were undoubtedly covered by the agreement which is already set out; that the effect of that agreement was to make him part owner of the claim; and that it was to his interest to secure the appointment of Bowles in order that the suit should proceed, and to secure the appointment of his successor for the same reason, and his 25 per cent. if successful. This view of the agreement seems to be unanswerable. After the death of the original administrator it was absolutely necessary, in order to proceed, that some person should be appointed in his place, just as necessary as it was to revive the action for the same purpose. And although it may be that the death of the original administrator was unforeseen, yet it was an incident that might take place, and subject to which the engagement was necessarily made. No other construction of the contract would be reasonable, particularly as the appointment of the administrator and his successor was absolutely necessary to the proper prosecution of the action. All incidental professional services were therefore covered by the agreement mentioned. For these reasons, the order appealed from should be affirmed.